# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**GARY R. ORR, on behalf of himself and others similarly situated,**

           **Plaintiff,**

-vs-                                        Case No. 2:08-cv-715-FtM-29DNF

**DICK WILLIAMS, INC., a Florida corporation, RICHARD G. WILLIAMS, individually,**

           **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

The parties filed a Stipulation of Dismissal (Doc. 30) on July 10, 2009, and the Plaintiffs, Gary Orr and Robert Orr filed a Notice of Compliance (Doc. 34) on August 21, 2009. The Plaintiffs are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss this case with prejudice. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented

to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff, Gary Orr was employed as a laborer. The Plaintiffs were represented by counsel throughout this litigation. The parties have disputed issues. The Plaintiff, Gary Orr initially estimated that he was owed $51,030.00 for actual damages, but after reviewing records, the Plaintiffs determined that they were owed less. The Court reviewed the terms of the Mediated Settlement Agreement (Doc. 34-2). The parties settled for the amount of $5,500.00 for wages for Gary Orr, $5,500.00 for wages for Robert Orr, and $6,500.00 for attorney's fees and costs. The Court finds that the settlement in the amount of $17,500.00 to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Stipulation of Dismissal (Doc. 30) be granted, and the settlement be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court

further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __25th__ day of August, 2009.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1] The Plaintiffs include a reiteration of their Objection in their Notice of Compliance (Doc. 34, p. 4) regarding their Stipulation of Dismissal and the Court requiring additional information as to the terms of their settlement. The Court will not address this issue as this issue was addressed by the District Court and a Writ of Mandamus was filed to the Eleventh Circuit.